# LAKIS LAW OFFICES, PC
A PROFESSIONAL SERVICES CORPORATION

145 N. FRANKLIN TPKE, STE 122 • RAMSEY, NJ 07446

TEL: (201) 962-9300 • FAX: (201) 962-9301

www.lakis-law.com

William E. Lakis
ATTORNEY AT LAW
Admitted in NJ and NY

wlakis@lakis-law.com

February 26, 2016

VIA ECF
The Honorable Vincent L. Briccetti
United States Court House
300 Quarropas Street, Room 630
White Plains, NY  10601

      Re:    **Defendants' Request for Pre-Motion Conference**
                          **Avigail Rosenberg v. United Parcel Service, Inc.**
                          <u>**US Dist. Ct., SDNY Case No. 7:15-cv-06641-VB**</u>
                          **Our File 2100-24**

Dear Judge Briccetti:

      This firm represents the United Parcel Service defendants ("UPS") in the above-referenced action.  Pursuant to Your Honor's Individual Rule of Practice, we respectfully request a Pre-Motion Conference regarding UPS's intended motion for partial summary judgment to limit the maximum damages for which UPS may be held liable under governing law in the event UPS were to be found liable in any respect to Plaintiff in this matter.

      Since the shipment of the subject cell phones was by air from the United States to the country of Israel, the shipment is governed by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention"), to which the United States and Israel are both member nations.  The provisions of the Montreal Convention apply to and govern the rights, responsibilities and liabilities of UPS and Plaintiff.  *El Al Israel Airlines, Ltd v. Tsui Yuan Tseng*, 525 U.S. 155, 160, 119 S. Ct. 662 (1998) (considering the application of the predecessor to the Montreal Convention, the "Warsaw Convention," which "... governs air carrier liability for 'all international transportation.'")  As a treaty ratified by the United States Senate with an effective date of November 2003, the Montreal Convention, like its predecessor the Warsaw Convention, governs air carrier liability for international transportation to and including Israel.

On the issue of the potential liability of the air carrier to the cargo owner or interested party, the Montreal Convention provides at Article 22(3):

> 3. In the carriage of cargo, the liability of the carrier in the case of destruction, loss, damage or delay is limited to a sum of 17 Special Drawing Rights per kilogram, unless the consignor has made, at the time when the package was handed over to the carrier, a special declaration of interest in delivery at destination and has paid a supplementary sum if the case so requires. In that case the carrier will be liable to pay a sum not exceeding the declared sum, unless it proves that the sum is greater than the consignor's actual interest in delivery at destination.

In 2010, the 17 Special Drawing Rights (SDR) limitation was increased within Article 22(3) to 19 SDRs per kilogram by operation of law. Thus, the liability of UPS to the Plaintiff, whether for "destruction, loss, damage or delay" in delivery is presently limited to the maximum sum of 19 SDRs per kilogram of the cargo which is the subject of the claim. The current international exchange rate for an SDR is US$1.54.

Here, the shipment of cell phones weighed a total of 55 kilograms. There is no evidence the Plaintiff or anyone who was involved in the tender of the subject cell phone cargo to UPS declared a value for the cargo in excess of the liability limitation of the Montreal Convention of 19 SDRs per kilogram. Accordingly, the maximum recoverable damages for damage, loss or delay in this case, if there is any proven liability on the part of UPS, is limited to US $1,609.30 (19 SDRs/Kg x 55Kg x $1.54 = US$1,609.30.)

UPS intends to bring a motion for partial summary judgment to limit Plaintiff's potential recovery of damages to the maximum amount of US $1,609.30, should Plaintiff prevail in establishing any liability on the part of UPS.

There is no defense to the limitation available to Plaintiff based on any allegations (or proof) of gross negligence or intentional misconduct on the part of UPS. This is because the framers were clear in intending an international convention which would have unbreakable liability limitations regarding damage to, loss or delayed delivery of cargo. As stated by the U.S. District Court for the Southern District of New York, while the Montreal Convention "does not allow a carrier to limit its liability where the damage to passengers or passenger baggage was willful or reckless, this stipulation does not apply to cargo." *Vigilant Ins. Co. v. World Courier, Inc.*, 2008 U.S. Dist. Lexis 44570, *15-16 (S.D.N.Y. June 4, 2008) (citing Montreal Convention Article 22).

The Court is respectfully requested to grant the UPS's request for a pre-motion conference so that UPS may move the Court for partial summary judgment that its liability, if it is liable at all, is limited by the Montreal Convention as set forth above.

We thank the Court for its consideration of this request.

Respectfully submitted,

LAKIS LAW OFFICES, PC

*s/William E. Lakis*
_____

By William E. Lakis